UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILFRED L. ANDERSON, MD,** | ) | **CASE NO. 1: 17 CV 2352** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **JUDGE PETER J. CORRIGAN,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Seeking to proceed *in forma pauperis, pro se* Plaintiff Wilfred L. Anderson has filed a Non-Prisoner Civil Rights Complaint in this action pursuant to 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Peter J. Corrigan; Staff Attorney Cheryl L. Hannan; the State of Ohio; and Luann Mitchell. (Doc. No. 1.) His Complaint pertains to a Criminal Contempt ruling made against him by Judge Corrigan during the course of a civil action the Plaintiff brought in State Court against Luann Mitchell and the Cuyahoga Metropolitan Housing Authority. *See Wilfred L. Anderson v. Cuyahoga Metropolitan Housing Authority*, Case No. CV-14-820828. The Judge held Plaintiff in contempt based on Plaintiff's violation of Ohio's vexatious litigator statute, and he imposed monetary finds and a fifty-day jail sentence on Plaintiff. The Eighth District Court of Appeals reversed the Judge's contempt ruling, finding the Judge abused his discretion in imposing criminal sanctions on the Plaintiff rather than other sanctions specified in Ohio's vexatious litigator statute.

In his Complaint, Plaintiff alleges the contempt sanction against him was "malicious, vindictive, [and] unwarranted," and that Defendants are all liable to him for malicious

prosecution under 32 U.S.C. § 1983. (Doc. No. 1 at 6.) Although his Complaint indicates he seeks an "injunction," the only relief actually described in the Complaint is monetary. (*See id*.)

**Standard of Review**

Although filings by *pro se* litigants are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), District Courts are required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* actions brought in Federal Court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Analysis**

Upon review, the Court finds Plaintiff's Complaint must be dismissed pursuant to § 1915(e)(2)(B).

It is well established that judges and other court officers enjoy absolute immunity from suits for monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). Plaintiff is seeking to hold both Judge Corrigan and Staff Attorney Hannan liable for conduct falling within the scope of judicial duties for which they are entitled to absolute immunity.

In addition, the State of Ohio is entitled to immunity under the Eleventh Amendment and cannot be sued for damages in Federal Court. *See Herbst v. Voinovich*, 9 F. Supp. 2d 828, 832 (N.D. Ohio 1998).

Finally, as Plaintiff himself alleges, Luann Mitchell is a private citizen who does not act under color of state law. (*See* Doc. No. 1 at 4, ¶ II (D).) Therefore, Plaintiff has no cognizable claim against her under § 1983. *Azar v. Conley*, 456 F.2d 1382 (6th Cir. 1972) (where a complaint in a civil rights action against a private citizen did not allege that the private person was acting "under color of law," the action against such defendant was properly dismissed.).

## Conclusion

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and his Complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                           **s/ Christopher A. Boyko**
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**

**Dated:** March 12, 2018